UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Eric B. Sackie

    v.                                              Case No. 17-cv-005-SM

Superintendent, Strafford County
Department of Corrections; U.S.
Immigration and Customs Enforcement;
C.M. Cronen, Field Office Director;
and Karen Bruce, Deportation Officer

**REPORT AND RECOMMENDATION**

Petitioner Eric B. Sackie, a Liberian, petitions for a writ of habeas corpus (Doc. No. 1), pursuant to 28 U.S.C. § 2241. Sackie is being detained by Immigration and Customs Enforcement ("ICE") pending removal to Liberia. Sackie seeks release from ICE custody on the grounds that: (1) his supervised release was revoked by ICE agents without due process, and (2) his continued detention without a hearing violates his due process rights as articulated by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001). Before the court is the federal respondents' motion to dismiss for failure to state a claim (Doc. No. 9).

**Background**

Sackie came to the United States in 2006. In 2013-2014, Sackie was in immigration detention for a period of time. On December 2, 2013, the government issued a final removal order

for Sackie due to a criminal conviction.  The government then released Sackie on June 17, 2014, subject to the terms of a supervised release order, after Liberia refused to issue him travel documents.  ICE concluded at that time that Sackie's removal was not likely in the reasonably foreseeable future.

Sackie was arrested in Seabrook, New Hampshire on March 25, 2016, on a state charge of conspiracy to commit forgery.  Sackie was later convicted of that charge in October 2016 and was sentenced to a term of incarceration at the Rockingham County Department of Corrections ("RCDOC").  While Sackie was in pretrial detention in March 2016, ICE lodged a detainer for Sackie at the RCDOC.  ICE took Sackie into custody in November 2016, upon his release from incarceration by the state. Petitioner claims he suffered a deprivation of his right to due process, in that he was arrested by ICE and taken into custody without due process, and there is no likelihood of his removal to Liberia in the reasonably foreseeable future.

## Discussion

I.  Motion to Dismiss Standard

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must consider whether the factual content in the complaint, and inferences reasonably drawn therefrom, taken

as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In doing so, the court disregards any legal conclusions. Hernandez-Cuevas, 723 F.3d at 102-03. The court is generally limited to considering "'facts and documents that are part of or incorporated into the complaint,'" as well as "'documents incorporated by reference . . . , matters of public record, and other matters susceptible to judicial notice.'" Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (citations omitted). As petitioner is proceeding pro se in this action, the court must construe the pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

II. Due Process Claim as to Revocation of Supervised Release

Sackie argues that his supervised release could not be revoked without due process. Sackie argues that the process he received was deficient because ICE provided inconsistent statements of the reasons why he was being detained, and Sackie did not receive a pre-revocation hearing, in the nature of a criminal prosecution, to determine whether he had violated the terms of his supervised release.

In general, ICE detention, occurring after a removal order has issued, is civil, not criminal in nature, and its proper

purposes include assuring the person's presence at the time of removal.  See Zadvydas, 533 U.S. at 690.  This court need not determine whether an alien is generally entitled to a greater measure of procedural protections than those afforded to Sackie before ICE revoked his supervised release, as Sackie's commission of a criminal act is alleged to have been a reason ICE revoked his release.  The timing of that offense and Sackie's conviction is established by the record of Sackie's October 13, 2016 guilty plea in State v. Sackie, No. 218-2016-CR-00410 (N.H. Super. Ct., Rockingham Cnty.).  That felony conviction alone -- which "must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees," Jones v. United States, 526 U.S. 227, 249 (1999) -- warranted Sackie's return to ICE detention, to the extent that compliance with the law was a term of Sackie's supervised release.  See Zadvydas, 533 U.S. at 700 ("alien may no doubt be returned to custody upon a violation" of terms of supervised release).  Any alleged failure to provide Sackie with additional pre-revocation process did not increase the risk of an improper revocation, to the extent that compliance with the law was a term of Sackie's supervised release.  Accordingly, respondent's motion to dismiss the due process claim relating to the revocation of Sackie's supervised

release should be granted.


III. Zadvydas Claim

The federal respondents have moved to dismiss Sackie's Zadvydas claim as premature, based on the date on which Sackie filed this action. Sackie's petition was filed in January 2017, less than two months after ICE took Sackie into custody. The Court in Zadvydas recognized six months as a presumptively reasonable period of detention after a final removal order has issued, to allow the government to effect an alien's removal. Zadvydas, 533 U.S. at 701. There are cases deeming the expiration of the six month period to be an element that must be pleaded to state a viable claim. See, e.g., Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam) ("six-month period . . . must have expired at the time [petitioner's] § 2241 petition was filed in order to state a claim under Zadvydas" (footnote omitted)).

There is no controlling authority requiring dismissal of a Zadvydas claim like Sackie's, which ripened after the petition was filed. The majority of courts to have considered whether to dismiss in such circumstances have dismissed the Zadvydas claim

5

without prejudice to refiling.[1] One policy rationale for that result is that dismissal in such circumstances serves a gate-keeping function, to avoid creating incentives for petitioners to inundate courts "with pre-emptive Zadvydas claims." Mehighlovesky v. U.S. Dep't of Homeland Sec., No. CIV. 12-902 RHK/JJG, 2012 U.S. Dist. LEXIS 185286, at *8, 2012 WL 6878901, at *2 (D. Minn. Dec. 7, 2012), R&R adopted, No. CIV. 12-902 RHK/JJG, 2013 U.S. Dist. LEXIS 6963, 2013 WL 187553 (D. Minn.

---

[1] See, e.g., Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam); Mehighlovesky v. U.S. Dep't of Homeland Sec., No. CIV. 12-902 RHK/JJG, 2012 U.S. Dist. LEXIS 185286, at *6, 2012 WL 6878901, at *2 (D. Minn. Dec. 7, 2012), R&R adopted, No. CIV. 12-902 RHK/JJG, 2013 U.S. Dist. LEXIS 6963, 2013 WL 187553 (D. Minn. Jan. 17, 2013); Smith v. Tsoukaris, No. CIV.A. 12-0094 JLL, 2012 U.S. Dist. LEXIS 25162, at *13-*14, 2012 WL 646031, at *4 (D.N.J. Feb. 21, 2012); Pierre v. Napolitano, No. 11-CV-600, 2011 U.S. Dist. LEXIS 81596, at *2-*3, 2011 WL 3157288, at *1 (W.D. La. June 28, 2011), R&R adopted, No. 11-CV-600, 2011 U.S. Dist. LEXIS 81598, 2011 WL 3157213 (W.D. La. July 26, 2011); Keita v. Sabol, Civ. No. 1:CV-11-248, 2011 U.S. Dist. LEXIS 39501, at *5-*6, 2011 WL 1375052 at *2 (M.D. Pa. Apr. 12, 2011). But see Olajide v. B.I.C.E., 402 F. Supp. 2d 688, 691-93 (E.D. Va. 2005) (deeming Zadvydas claim ripe for judicial review, where petitioner had been in custody for over six months when court adjudicated petition, even though petition had been filed prematurely); Ali v. Cangemi, No. 03-3189 (DWF/JSM), 2004 U.S. Dist. LEXIS 29665, at *30, 2004 WL 4000530, at *10 (D. Minn. Mar. 30, 2004) (declining to dismiss prematurely filed Zadvydas claims that had ripened while case was pending, as petitioner had been in custody for over one year by the time the court adjudicated his claims, and he was certain to file a new petition immediately), R&R adopted, No. 03-3189 (DWF/JSM), 2004 U.S. Dist. LEXIS 29657, at *4, 2004 WL 4000530, at *2 (D. Minn. June 1, 2004), aff'd, 384 F.3d 989 (8th Cir. 2004), vacated and rev'd en banc on other grounds, 419 F.3d 722 (8th Cir. 2005).

Jan. 17, 2013).  Courts that have not dismissed such petitions have done so reasoning that resources are wasted if an otherwise well-founded Zadvydas claim is dismissed as untimely notwithstanding the ensuing expiration of the six month period. See, e.g., Ali v. Cangemi, No. 03-3189 (DWF/JSM), 2004 U.S. Dist. LEXIS 29665, at *30, 2004 WL 4000530, at *10 (D. Minn. Mar. 30, 2004), R&R adopted, No. 03-3189 (DWF/JSM), 2004 U.S. Dist. LEXIS 29657, at *4, 2004 WL 4000530, at *2 (D. Minn. June 1, 2004), aff'd, 384 F.3d 989 (8th Cir. 2004), vacated and rev'd en banc on other grounds, 419 F.3d 722 (8th Cir. 2005).

Sackie's case presents circumstances warranting dismissal without prejudice to refiling, now that his Zadvydas claim has ripened.  In April 2017, after the federal respondents had filed their motion to dismiss, but before Sackie had been in ICE detention for six months, ICE transferred Sackie to a detention facility in Boston, where he remains at this time.  Although the federal respondents have stipulated to the court's continued jurisdiction over the pending action, see Doc. No. 15, Sackie's immediate custodian, the Superintendent of the Suffolk County House of Corrections (South Bay), is not currently a party to this case, and is not in New Hampshire.  At this early stage of the case, before any evidentiary hearing has occurred, the dismissal of the Zadvydas claim -- without prejudice to Sackie's

ability to file a new petition immediately in the District of Massachusetts -- would not likely result in substantial delays or inefficiencies.  Accordingly, without expressing any opinion regarding whether there may be no significant likelihood that Sackie will be removed in the reasonably foreseeable future, and without prejudice to Sackie's ability to file a new § 2241 petition in an appropriate court asserting that claim, the district judge in this case should grant the federal respondent's motion to dismiss (Doc. No. 9) the Zadvydas claim that was filed prematurely here.

## Conclusion

For the foregoing reasons, the federal respondents' motion to dismiss (Doc. No. 9) should be granted in its entirety, without prejudice to Sackie's ability to file a new § 2241 petition asserting a Zadvydas claim in a court with jurisdiction over that claim.  Judgment should thereafter be entered in this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the

right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                             _____
                                                             Andrea K. Johnstone
                                                             United States Magistrate Judge

June 6, 2017

cc:  Eric B. Sackie, pro se
     T. David Plourde, Esq.
     Thomas P. Velardi, Esq.